**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Shaykh Muhammad Al Saud,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-15-0849-PHX-SPL (JFM)<br><br>**Report & Recommendation<br>on Petition for Writ of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Tucson, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 8, 2015 (Doc. 6). Respondents have filed a Motion to Dismiss (Doc. 29) based on Petitioner's failure to exhaust state remedies. Petitioner has not responded.

In addition, the Court issued an Order to Show Cause (Doc. 26), directing Petitioner to show cause why the Court should not abstain based on ongoing state proceedings. Petitioner has responded (Doc. 27).

The Motion to Dismiss is a dispositive motion, and resolution of the Order Show Cause is dispositive. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On May 17, 2013, Petitioner was indicted in Maricopa County Superior Court on charges of fraudulent schemes, theft, and five counts of forgery. (Exhibit A, Indictment.)

1

(Exhibits to the Motion to Dismiss, Doc. 29, are referenced herein as "Exhibit ___.") Petitioner eventually entered into a plea agreement, and on January 9, 2015 entered a plea of guilty to one count of fraudulent schemes. (Exhibit B, M.E. 1/13/15.) On the same date, Petitioner was sentenced to 9.25 years in prison. (Exhibit C, Sentence; Motion, Doc. 29 at 2.)

**B.    PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a direct appeal. (Amend. Pet., Doc. 6 at 2.) Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

**C.    PROCEEDINGS ON POST-CONVICTION RELIEF**

On April 21, 2015, Petitioner filed with the trial court a Notice of Post-Conviction Relief (Exhibit D). He followed with a series of motions seeking a hearing (Exhibits E, F, H), and a Petition to Return Property (Exhibit G). On August 17, 2015, the trial court appointed counsel and set a briefing schedule on Petitioner's petition for post-conviction relief, the petition being due 60 days after completion of transcripts. (Exhibit I, M.E. 8/17/15.)

**D.    PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 on May 11, 2015 (Doc. 1). That Petition was dismissed with leave to amend, on the basis that Petitioner had not set out a violation of federal law. (Order 5/26/15, Doc. 3.)

On June 8, 2015, Petitioner filed his Amended Petition (Doc. 6) ("Petition"), in which "Petitioner appears to allege that his sentence was illegal, that his attorney provided constitutionally deficient assistance, and that the State has violated the terms of his plea agreement." (Order 6/15/15, Doc. 8 at 2.) Service and a response was ordered, with directions that a motion to dismiss should not be filed in lieu of an answer, without

leave. (*Id.*)

**Motion to Dismiss** - On September 2, 2015, Respondents filed a Motion for Leave to File Motion to Dismiss, arguing the efficiency of such an approach in light of the pending state proceedings. The Court set a deadline for a response to the Motion for Leave, and ordered Petitioner to show cause why the case should not be dismissed as a matter of *Younger* abstention. (Order 9/3/15, Doc. 26 at 3.) Petitioner did not timely respond to the Motion for Leave, and the Court granted leave to file the motion to dismiss. (Order 9/30/15, Doc. 28.)

Consequently, Respondents filed their Motion to Dismiss on October 2, 2015 (Doc. 29). Respondents argue that in light of the pending PCR proceedings, Petitioner's state remedies are unexhausted and the Petition should be dismissed without prejudice.

On October 6, 2015, the Court alerted Petitioner to the need to respond to the Motion to Dismiss, and set a response deadline of October 19, 2015. (Order 10/6/15, Doc. 30.)

Petitioner has not responded.

**Order to Show Cause** – As noted above, upon advice that Petitioner's PCR proceeding was on-going the Court ordered Petitioner to show cause why the case should not be dismissed as a matter of *Younger* abstention. (Order 9/3/15, Doc. 26 at 3.)

On September 16, 2015, Petitioner responded (Doc. 27) to the Order, arguing that because of a lack of response by the state courts to his PCR notice and various motions, he had no choice but to seek federal habeas relief. Petitioner further argues the merits of his claims.

### III.   APPLICATION OF LAW TO FACTS
**A.   ABSTENTION**

Petitioner's state post-conviction relief proceeding is on-going.

Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *Younger v. Harris*,

3

401 U.S. 37, 43 (1971). Irreparable injury does not exist if the threat to the plaintiff's federally protected rights may be eliminated by his defense of the criminal case. *Id*. at 46. Moreover, even irreparable injury is insufficient to permit interference with the proceeding unless it is "both great and immediate." *Id*.

"The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).

"When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted ..." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Dismissal is required, even where the issues raised in the federal petition are not part of the state appeal, because the appeal "may result in reversal on some other ground, thereby mooting the federal question." *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969); *see Sherwood v. Tomkins*, 716 F.2d at 634.

Dismissal without prejudice is the appropriate means to abstain in this case. While a stay is permitted in cases merely involving a claim at law for damages, *see Gilbertson v. Albright*, 381 F.3d 965 (2004), in a case seek equitable relief such as a habeas proceeding, dismissal is the appropriate response.

For the reasons described in *Smith v. Williams*, 2013 WL 1501583, 2 (D.Nev. 2013), the undersigned concludes that abstention under *Younger v. Harris,* 401 U.S. 37, 43 (1971) is not necessary where the pending state proceeding is not a direct appeal, but merely a state post-conviction proceeding. In *Smith,* Judge Miranda concluded that *Henderson v. Johnson,* 710 F.3d 872 (9th Cir. 2013) clarified "that the rule [of *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir.1983) (applying *Younger*)] applies to pending direct

4

appeals, and not to pending state post-conviction proceedings").

Here, however, Petitioner had pled guilty, and had no right of "direct appeal" as a result of his guilty plea. *See* A.R.S. § 13–4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."). The Arizona courts have determined that a timely, first PCR proceeding of a pleading defendant (an "of right" petition) is the equivalent of direct appeal.

> Rule 32 incorporates this appeal right [provided under the Arizona constitution]: "Any person who pled guilty ... shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding." Ariz. R.Crim. P. 32.1. Thus, even though this matter is a post-conviction relief proceeding, by virtue of Article 2, Section 24 of the Arizona Constitution, as interpreted by *Montgomery* [*v. Sheldon*, 181 Ariz. 256, 258-59, 889 P.2d 614, 616-17 (1995), *op. supp.*, 182 Ariz. 118, 893 P.2d 1281 (1995)], it is the functional equivalent of a direct appeal.

*State v. Ward*, 211 Ariz. 158, 162, 118 P.3d 1122, 1126 (Ariz.App. Div. 1,2005).

Here, Petitioner's PCR proceeding appears like it may be considered by the Arizona court to be an of-right proceeding. He pled guilty, and it is his first PCR petition, and counsel has been appointed. *See Summers v. Schriro,* 481 F.3d 710, 715 (9th Cir. 2007) ("To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review.") Thus it is the equivalent of a direct appeal, and *Younger* abstention is required.

Accordingly, in light of the pending "appellate" proceeding, Petitioner's Petition should be dismissed without prejudice.

**B.      EXHAUSTION**

Respondents argue that Petitioner's state remedies on all of his claims are unexhausted, and thus the claims are barred from federal habeas review, and the Petition should be dismissed with prejudice.

5

1.     **Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

"A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

**Proper Forum** - "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

2.     **Procedural Default**

Ordinarily, unexhausted claims are dismissed without prejudice. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are

now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

### 3. Application to Petitioner's Claims

Here, Petitioner has yet to present any claims to the Arizona Court of Appeals in a direct appeal or a post-conviction relief proceeding. Because his "of-right" PCR proceedings are on-going, those remedies are still available, and no procedural default applies.

**Delay Did Not Render PCR Remedy Ineffective** – Petitioner complains that the state court proceedings are taking too long. The failure to exhaust may be excused if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State remedies may be found to be "ineffective" in cases involving extreme or unusual delay attributable to the state. *Edelbacher v. Calderon*, 160 F.3d 582, 586-87 & n. 5 (9th Cir.1998); *Phillips v. Vasquez*, 56 F.3d 1030, 1036 (9th Cir.), *cert. denied*, 516 U.S. 1032 (1995). Petitioner fails to show that the Arizona PCR proceedings are ineffective.

Petitioner fails to show extreme or unusual delay. Here, there was a delay of less than four months between the filing of Petitioner PCR Notice on April 21, 2015 (Exhibit D), and the appointment of counsel on August 17, 2015 (Exhibit I). "Certainly the delay is not the kind of extreme delay that has caused habeas courts to find state procedures ineffective. *See e.g. Phillips v. Vasquez,* 56 F.3d 1030, 1036 (9th Cir. 1995) (delay of fifteen years, within "no end in sight"). *Cf. Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir. 1990) (discussing due process violation from delay of more than three years in appellate proceeding). Moreover, at the time Petitioner filed his Amended Petition (Doc. 6) on June 8, 2015, his state PCR proceeding had been pending less than 60 days.

Moreover, Petitioner fails to show that any significant delay could be attributable

to the state. Petitioner's PCR Notice was primarily labelled as a "Motion Vacate Plea Vacate Sentence," making some delay in responding to the failing understandable.

In sum, Petitioner's PCR proceeding has been pending a little more than 6 months, and has been actively worked for at least all but the eleven weeks it has been pending.

Moreover, the delay, even its totality, is not such as to convince the undersigned that the PCR remedy is ineffective. The delay is not, in the experience of the undersigned, extraordinary for Arizona PCR proceedings, the matter appears to be progressing, and there appears no reason to believe that it will not, within a reasonable time, result in the review of Petitioner's claims.

**C.   SUMMARY**

Petitioner's of-right PCR proceeding is on-going. It is the equivalent of a direct appeal, and accordingly this Court must abstain from addressing his claims, and dismiss the Petition without prejudice.

Alternatively, Petitioner has made no foray to the Arizona Court of Appeals the Petition presents only unexhausted claims, and Petitioner has failed to show the ineffectiveness of those state remedies. Accordingly, the Petition must be dismissed without prejudice as wholly unexhausted, and the Motion to Dismiss (Doc. 29) should be granted.

### IV.   CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on the merits. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Amended Petition for Writ of Habeas Corpus, filed June 8, 2015 (Doc. 6) be **DISMISSED WITHOUT PREJUDICE** as a matter of abstention.

**IT IS FURTHER RECOMMENDED** that, in the alternative, Respondents Motion to Dismiss, filed October 2, 2015 (Doc. 29) be **GRANTED** and the Petitioner's Amended Petition for Writ of Habeas Corpus, filed June 8, 2015 (Doc. 6) be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI.   EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: November 3, 2015

James F. Metcalf
United States Magistrate Judge

15-0849r RR 15 10 28 on HC.docx