IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaykh Muhammad Al Saud,<br><br>                Petitioner,<br>vs.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No.  CV-15-00849-PHX-SPL<br><br>**ORDER** |

Petitioner Shaykh Muhammad Al Saud, who is confined in the Arizona State Prison Complex-Tucson, has filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6). United States Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") (Doc. 31) recommending that the Court should abstain from adjudicating the amended petition, and Petitioner objected to the R&R (Doc. 32). For the following reasons, the Court accepts and adopts the R&R, and dismisses the petition without prejudice.

**I.	Background**

On May 17, 2013 and on March 20, 2014, Petitioner was indicted by a grand jury in the Maricopa County Superior Court on charges of fraudulent schemes, theft, and forgery. (Doc. 29-1, Exhs. A and J; Case Nos. CR2013-112072 and CR2014-112041.) On January 9, 2015, Petitioner pleaded guilty to one count of fraudulent schemes (CR2013-112072) and to one count of theft (CR2014-11204), and was sentenced to a concurrent

term of 9.25 years of incarceration for each count. (Doc. 29-1, Exhs. B, C and J.)[1]

On April 21, 2015, Petitioner filed a Notice of Post-Conviction Relief in state court, commencing Rule 32 of-right post-conviction relief ("PCR") proceedings. (Doc. 29-1, Exh. D); *State v. Ward*, 118 P.3d 1122, 1126 (Ariz. Ct. App. 2005). On August 17, 2015, counsel was appointed and a briefing schedule was set; the deadline for filing a PCR petition appears to be February 29, 2016. (Doc. 29-1, Exh. I.)[2]

Petitioner filed a Petition for Writ of Habeas Corpus in federal court on May 11, 2015 (Doc. 1), and on June 8, 2015, filed the instant Amended Petition (Doc. 6). Petitioner claims his sentence was illegal, he was deprived of due process of law, and he received constitutionally ineffective assistance of counsel. Respondents have filed a Motion to Dismiss (Doc. 29) arguing that Petitioner's state remedies are unexhausted, his claims are barred from federal habeas review, and the amended petition should therefore be dismissed.[3]

## II. Standard of Review

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). However, a petitioner is not entitled as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

---

[1] The Court assumes the parties' familiarity with underlying facts of conviction which, for the reasons below, need not be reached on habeas review.

[2] *See also* Minute Entry filed January 29, 2016, http://www.courtminutes.maricopa.gov/docs/Criminal/012016/m7196606.pdf (last visited Feb. 16, 2016).

[3] While Respondents' proposed order requests that the petition be dismissed with prejudice (Doc. 29-2), its motion seeks dismissal without prejudice.

**III.     Discussion**

Having reviewed the record as a whole and the objected to recommendations *de novo*, the Court agrees with Judge Metcalf and finds that Petitioner's federal habeas petition should be dismissed without prejudice. In order to pursue federal habeas relief, Petitioner must first exhaust his state court remedies.[4] Petitioner's of-right PCR proceedings are on-going and consequently, state court remedies remain available and unexhausted.

Petitioner objects to the R&R on the basis that the state court has not yet ruled on his PCR claims, and the federal court is a more appropriate venue for deciding them. (Doc. 32 at 2.) Petitioner does not show however that his PCR proceedings are so ineffective that he should be excused from satisfying the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(B)(ii). Instead, the record before this Court indicates that his PCR proceedings are advancing in a timely matter and the state court will review his claims in due course.

The Court therefore finds that Petitioner's claims are premature and will abstain from considering them pending his exhaustion of available state court remedies. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). The amended habeas petition will be dismissed without prejudice and the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1.     That the Magistrate Judge's Report and Recommendation (Doc. 31) is **accepted** and **adopted** by the Court;

2.     That the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) is **dismissed without prejudice** as a matter of abstention;

3.     That Respondents' Motion to Dismiss (Doc. 29) is **denied as moot**;

---

[4]     A federal court may not grant habeas relief under AEDPA if the petitioner has failed to exhaust his claim in state court. 28 U.S.C. § 2254(b)(1) & (c); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "[A] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 16th day of February, 2016.

                                        Honorable Steven P. Logan
                                        United States District Judge